would not relieve the act of the accused of its criminality.

Whether or not the defense of entrapment is available in a prosecution for bribery or offering to bribe an officer is not before us.

In view of the foregoing, and of the many decisions from other jurisdictions upholding entrapment as a defense, we remain convinced that a conviction for procuring upon the facts as testified to by appellant, if found by the jury to be true, should not be permitted to stand.

The invocation of the defense of entrapment necessarily assumes that the act charged was committed. To decline to reverse upon the theory that appellant had admitted his guilt in that he called the porter Washington and conveyed to him the officer's wishes, or to hold that his testimony to that effect furnished the required corroboration of the officer's testimony, would be to deprive him of any relief upon the ground that he was entrapped. Hamilton v. U. S., 5 Cir., 221 F.2d 611.

The State's motion for rehearing is overruled.

DAVIDSON, Judge (dissenting).

The opinion of my brethren upon the state's motion for rehearing strengthens me in my conviction that the majority opinion and the doctrine announced therein are wrong and exceedingly dangerous.

A paragraph in the state's motion for rehearing so amply presents my views that I have decided to insert it, here, as a part of this, my additional dissent. It reads as follows:

"Such a holding is at variance with the philosophy of the laws of Texas. Such holding is contrary to the doctrine of stare decisis in Texas on the same subject; it amounts to the creation by the Court of Criminal Appeals of a defense for the convicted procurer which the legitimate lawmaking authority of Texas—the Legislature—has never seen fit to create, and unless this be a special law for the benefit of this low character of offender, then it is a general law enacted by this court which makes the murderer, the rapist, the thief, the arsonist, the abortionist, and all other criminals exempted from prosecution for their crimes against the rest of the people and against the peace and dignity of the State, provided the crime is instigated by some deputy constable or other peace officer for the purpose of catching the offender and prosecuting him. * * *."

Cecil Arnold WOODCOCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 28223.

Court of Criminal Appeals of Texas.

April 4, 1956.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## PER CURIAM.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.

In the absence of a bond or recognizance on appeal, or a showing that appellant is in jail, we are without jurisdiction of this misdemeanor appeal.

The appeal is dismissed.